JUDGE OETKEN

25 CV 02265

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Keith McDay,

Plaintiff,

**COMPLAINT**

V.

Jury Trial Demanded

City of New York, N.Y.P.D. Officer Anthony Taccetta (Badge# 5128), Plaza Rehab and Nursing Center, Felipe Fernandez and Andrew Raju,

Defendants.

---

**INTRODUCTION**

1. Plaintiff brings this action under 42 U.S.C. section 1983 against NYPD officer Anthony Taccetta and the City of New York for false imprisonment, unlawful arrest, and violation of Plaintiff's Fourth and Fourteenth Amendment rights.

2. Plaintiff also brings a Malicious Prosecution claim against private individuals under New York State law, arising from the same incident.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction under 28 U.S.C. section 1331 for the section 1983 claims.

4. The Court has supplemental jurisdiction over the state law malicious prosecution claim under 28 U.S.C. section 1367.

5. Venue is proper in this District under 28 U.S.C. section 1391 (b), as the incident occurred in New York City.

**PARTIES**

6. Plaintiff Keith McDay, resides in New York City.

7. Defendant City of New York is a municipal entity.

8. Defendant NYPD officer Anthony Taccetta acted under state law.

9. Defendants Felipe Fernandez, Andrew Raju and The Plaza Rehab and Nursing Center (The Plaza), acted with malice and intentional misconduct.

**FACTUAL ALLEGATIONS**

10. On December 4, 2024, Defendants Felipe Fernandez and Andrew Raju knowingly filed false criminal charges against Plaintiff, falsely accusing Plaintiff of Criminal Trespass 2d Degree (P.L. 140.15(1)), Criminal Trespass 3rd Degree (P.L. 140.10(a)), Assault 3rd Degree (P.L. 120.00(1)), Menacing (P.L. 120.15), and Harassment (240.26(1)).

11. NYPD Officers wrongfully arrested and detained Plaintiff without probable cause, relying solely on false statements made by the defendants.

12. The Defendant's actions have caused Plaintiff to suffer loss of liberty, loss of income, loss of movement due to restraining orders and a GPS tracking device affixed to Plaintiff's body, a home eviction, emotional distress, humiliation and physical discomfort.

13. The criminal case was dismissed in Plaintiff's favor on March 12, 2025.

**CAUSES OF ACTION**

## COUNT I: FALSE IMPRISONMENT

**(42 U.S.C. section 1983 - Against NYPD Officers and the City of New York)**

14. Defendant officer Taccetta violated Plaintiff's Fourth Amendment right to be free from unlawful seizure and false imprisonment.

15. Defendant officer Taccetta acted under color of state law and without probable cause.

16. The City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for failing to train and supervise officers on handling false accusations.

## COUNT II: MALICIOUS PROSECUTION

**(42 U.S.C. section 1983 - Against NYPD and City of New York)**

17. Defendant Officer Taccetta assisted in prosecuting Plaintiff without probable cause, violating Plaintiff's Fourteenth Amendment due process rights.

## COUNT III: MUNICIPAL LIABILITY

**(Monell Claim - Against City of New York)**

18. Defendant City of New York is liable under 42 U.S.C. section 1983 for the unconstitutional actions of NYPD officer Taccetta who falsely arrested and maliciously prosecuted Plaintiff.

19. In this case the unlawful acts of NYPD officer Taccetta occurred pursuant to an official policy, practice or custom of the NYPD which allows officers to make arrests without probable cause based on false accusations.

20. The City of New York failed to properly train, supervise and discipline officers, leading to Plaintiff's constitutional violations.

21. The City acted with deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights.

## COUNT IV: MALICIOUS PROSECUTION

**(Under New York State Law - Against Private Individuals)**

22. Defendants Felipe Fernandez and Andrew Raju knowingly filed false criminal charges against Plaintiff.

23. The case was dismissed in Plaintiff's favor.

24. The defendants Felipe Fernandez and Andrew Raju acted with malice and intent to harm Plaintiff's reputation and liberty.

## COUNT V: VICARIOUS LIABILITY FOR MALICIOUS PROSECUTION

**(Under New York State Law - Against Employer The Plaza)**

25. Defendants Felipe Fernandez and Andrew Raju knowingly filed false criminal charges against Plaintiff.

26. Defendants Felipe Fernandez and Andrew Raju were acting under the direction, policy and control of Defendant the Plaza Rehab and Nursing Center at the time of the false criminal accusations.

27. Defendant Plaza Rehab and Nursing Center is vicariously liable for the malicious prosecution committed by its employees.

## COUNT VI: CONSPIRACY TO VIOLATE CIVIL RIGHTS

**(42 U.S.C. section 1983)**

28. Defendants NYPD officer Taccetta, Felipe Fernandez, Andrew Raju and the Plaza Rehab and Nursing Center conspired to violate Plaintiff's constitutional rights by coordinating false accusations and an unlawful arrest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests judgement against the Defendants as follows:

(a) Awarding Plaintiff Keith McDay damages against Defendants City of New York and NYPD officer Anthony Taccetta (Badge# 5128), in the amount of $1,000,000 (one-million dollars), jointly and severally;

(b) Awarding Plaintiff Keith McDay compensatory damages against Defendant Felipe Fernandez in the amount of $1,000,000 (one-million dollars);

(c) Awarding Plaintiff Keith McDay Punitive damages against Defendant Felipe Fernandez in the amount of $2,000,000 (two-million dollars);

(d) Awarding Plaintiff Keith McDay compensatory damages against Defendant Andrew Raju in the amount of $1,000,000 (one-million dollars);

(e) Awarding Plaintiff Keith McDay punitive damages against Defendant Andrew Raju in the amount of $2,000,000 (two-million dollars);

(f) Awarding Plaintiff Keith McDay compensatory damages against Defendant Plaza Rehab and Nursing Center in the amount of 1,000,000 (one-million dollars);

(g) Awarding Plaintiff Keith McDay punitive damages against Defendant Plaza Rehab and Nursing Center in the amount of $2,000000 (two-million dollars);

(h) Granting Plaintiff attorney fees and costs pursuant to 42 U.S.C. section 1988; and

(i) Any other relief the Court deems just and proper.

Dated: March 19, 2025.

Respectfully Submitted,

Plaintiff, Pro Se

Keith McDay
2550 Webb Avenue
Bronx, NY 10468

Keithmcday8@gmail.com

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true , except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Bronx, NY on March 19, 2025