RECEIVED
SDNY PRO SE OFFICE
2025 JUN 20 PM 2:30

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**AMENDED COMPLAINT**

Keith McDay,

Plaintiff,

V.

Jury Trial Demanded

City of New York, N.Y.P.D. Officer Anthony Taccetta (Badge# 5128), Plaza Rehab and Nursing Center, Felipe Fernandez and Andrew Raju,

**25-CV-2265(JPO)(HJR)**

Defendants.

## INTRODUCTION

1. This is a civil rights action under 42 U.S.C. sec. 1983, alleging that Defendants, acting under color of law, are responsible for the unlawful arrest, false imprisonment, malicious prosecution, conspiracy and municipal liability of Plaintiff, in violation of the Fourth and *Fourteenth Amendment to the United States Constitution.*

2. Plaintiff also alleges a false imprisonment and malicious prosecution claim against Defendants under New York State law, arising from the same incident.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. section 1331 for the section 1983 claims.

4. The Court has supplemental jurisdiction over the state law malicious prosecution claim under 28 U.S.C. section 1367.

5. Venue is proper in this District under 28 U.S.C. section 1391(b), as the incident occurred in New York City.

**PARTIES**

6. Plaintiff Keith McDay, resided at 2250 Webb Avenue, Bronx, NY during the events described in this complaint.

7. Defendant City of New York ("City"), is a municipal corporation of the State of New York.

8. Defendant Officer Anthony Taccetta ("Taccetta"), at all relevant times, was an employee at the New York City Police Department ("NYPD").

9. Defendants Felipe Fernandez ("Fernandez"), at all relevant times, was an employee at Plaza Rehab and Nursing Center.

10. Defendant Andrew Raju ('Raju"), at all relevant times, was an employee at Plaza Rehab and Nursing Center.

11. Defendant Plaza Rehab and Nursing Center ("The Plaza"), is a business that at all relevant times employed Defendants Raju and Fernandez.

12. All Defendants have acted under color of state law at all times relevant to this complaint.

13. All Defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

14. On December 4, 2024, Defendant Taccetta caused criminal charges to be filed against Plaintiff in Bronx County Criminal Court, falsely accusing Plaintiff of Criminal Trespass 2d Degree (P.L. 140.15), Criminal Trespass 3rd Degree (P.L. 140.10), Assault 3rd Degree (P.L. 120.00), Menacing in the 3rd Degree (P.L. 120.15), and Harassment in the 2nd Degree (240.26). (See annexed exhibit "A").

15. On the morning of December 4, 2025, based on information provided by DefendantsTaccetta, the City, Andrew Raju and Felipe Fernandez multiple armed police officers from the NYPD came to Plaintiff's home and arrested him. Restraining Plaintiff with handcuffs and carting him off to jail.

16. Arresting officers did not show Plaintiff an arrest warrant. And would not show Plaintiff a arrest warrant even when asked.

17. On March 12, 2025, all criminal charges caused to be filed by the Defendants were dismissed and the case was terminated in Plaintiff's favor. (See annexed exhibit "B").

30. The Defendant's actions have caused Plaintiff to suffer loss of liberty, loss of income, loss of movement due to restraining orders and a GPS tracking device affixed to Plaintiff's body, a home eviction, emotional distress, humiliation and physical discomfort.

## CAUSES OF ACTION

### COUNT I: FALSE IMPRISONMENT
**(42 U.S.C. section 1983)**

31. Defendant Taccetta, acting under color of state law, intentionally confined Plaintiff without consent and without lawful justification, in violation of the Fourth Amendment to the United States Constitution.

32. Plaintiff's detention was not supported by probable cause or any other legal basis.

33. As a direct and proximate result of Defendant Taccetta's actions, Plaintiff suffered damages including physical injury, emotional distress, and loss income.

### COUNT II: MALICIOUS PROSECUTION
**(42 U.S.C. section 1983)**

34. Defendant Officer Taccetta initiated and continued a criminal proceeding against Plaintiff without probable cause, with malice, under color of state law, in violation of the Fourth and Fourteenth Amendments.

35. The prosecution was terminated in Plaintiff's favor on March 12, 2025.

36. As a result, Plaintiff suffered damages, including physical injury, emotional distress, and other losses.

### COUNT III: FALSE IMPRISONMENT
**(Under New York State Law - Against Private Individuals)**

37. Under New York common law, false imprisonment occurs when a defendant intentionally confines another without consent and without lawful privilege.

38. Defendants Felipe Fernandez and Andrew Raju knowingly gave false information against Plaintiff, intentionally causing Plaintiff to wrongfully be arrested and imprisoned.

39. Defendants Andrew Raju and Felipe Fernandez intentionally confined Plaintiff, without legal justification or consent, thereby causing him damages.

## COUNT IV: MALICIOUS PROSECUTION

**(Under New York State Law - AGAINST PRIVATE INDIVIDUALS)**

40. Under New York common law, malicious prosecution requires (a) commencement or continuation of a criminal proceeding, (b) absence of probable cause, (c) malice and (d) termination in favor of the accused.

41. Defendants Felipe Fernandez and Andrew Raju caused criminal charges to be filed against Plaintiff that were terminated in his favor, lacked probable cause, were instituted with malice and resulted in injury.

## COUNT V: VICARIOUS LIABILITY FOR MALICIOUS PROSECUTION

(Under New York State Law - Against Private Employer)

42. Defendants Andrew Raju and Felipe Fernandez were acting under the direction, policy and control of their employer Defendant Plaza Rehab and Nursing Center at the time the false criminal accusations were filed against Plaintiff.

43. Defendants Andrew Raju and Felipe Fernandez acting within the scope of their employment, initiated criminal proceedings against Plaintiff by causing the filing of a sworn complaint.

44. The criminal proceedings terminated in Plaintiff's favor on March 12, 2025.

45. The Defendants lacked probable cause to commence or continue the prosecution.

46. Defendants acted with malice in instituting and prosecuting charges against Plaintiff knowing the complaint's allegations were false.

47. Defendants caused Plaintiff to suffer loss of liberty, emotional distress, and loss income.

48. Under New York law, Defendant Plaza Rehab and Nursing Center is vicariously liable for the tortious acts of its employees committed within the scope of their employment.

## VI: CONSPIRACY TO VIOLATE CIVIL RIGHTS

**(42 U.S.C. section 1983)**

49. Defendants Taccetta, Felipe Fernandez, Andrew Raju and the Plaza Rehab and Nursing Center entered into an agreement to maliciously prosecute Plaintiff in violation of the Fourth and Fourteenth Amendments.

50. Defendants committed overt acts in furtherance of the conspiracy, including fabricating evidence, approving false affidavits, and presenting them to the prosecutor.

51. As a result of Defendants conspiracy Plaintiff's liberty and civil rights were violated.

## COUNT VII: MUNICIPAL LIABILITY

52. Defendant City of New York has a policy, practice, and custom based on a so-called "I-Card" that allows its officers to fabricate evidence and statements in police reports and affidavits, and use discretion in finding probable cause to arrest.

53. Defendant Taccetta use of I-card policy and practice resulted in Plaintiff being arrested and imprisoned without probable cause.

54. Defendant City of New York has a policy, practice, and custom consisting of an agreement between the City, DOCCS, and possibly others that has been used in Plaintiff's case, because he is on state parole, mandating Plaintiff be imprisoned on charges warranting a summons.

55. As a direct and proximate result of the City's unconstitutional policies and practices Plaintiff sustained injuries in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgement against the Defendants as follows:

(a) Awarding Plaintiff Keith McDay damages against Defendants City of New York and NYPD officer Anthony Taccetta (Badge# 5128), in the amount of $1,000,000 (one-million dollars), jointly and severally;

(b) Awarding Plaintiff Keith McDay compensatory damages against Defendant Felipe Fernandez in the amount of $1,000,000 (one-million dollars);

(c) Awarding Plaintiff Keith McDay Punitive damages against Defendant Felipe Fernandez in the amount of $2,000,000 (two-million dollars);

(d) Awarding Plaintiff Keith McDay compensatory damages against Defendant Andrew Raju in the amount of $1,000,000 (one-million dollars);

(e) Awarding Plaintiff Keith McDay punitive damages against Defendant Andrew Raju in the amount of $2,000,000 (two-million dollars);

(f) Awarding Plaintiff Keith McDay compensatory damages against Defendant Plaza Rehab and Nursing Center in the amount of 1,000,000 (one-million dollars);

(g) Awarding Plaintiff Keith McDay punitive damages against Defendant Plaza Rehab and Nursing Center in the amount of $2,000000 (two-million dollars);

(h) Granting Plaintiff attorney fees and costs pursuant to 42 U.S.C. section 1988; and

(i) Any other relief the Court deems just and proper.

Dated: June 20, 2025.

Respectfully Submitted,

Plaintiff, Pro Se
Keith McDay
2550 Webb Avenue
Bronx, NY 10468

Keithmcday8@gmail.com

**VERIFICATION**

I have read the foregoing complaint and hereby verify that the matters alleged therein are true , except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Bronx, NY on June 20, 2025